IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isaac V. Popoca,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　　Respondents. | No. CV-15-0559-PHX-SRB (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, U.S. DISTRICT JUDGE:

　　　Isaac V. Popoca filed a Petition for Writ of Habeas Corpus in this Court challenging his convictions and sentences for attempted burglary, burglary, and theft. Popoca alleges various errors by the trial court, the prosecutor, and his trial and appellate counsels. Respondents argue that most of his claims are not properly before the Court and that his remaining claims are without merit. As described below, the Court recommends that Popoca's Petition be denied and dismissed with prejudice.

## BACKGROUND

　　　At the conclusion of a five-day trial in the Maricopa County Superior Court, a jury found Popoca guilty of one count of attempted burglary in the third degree, two counts of burglary in the third degree, and two counts of theft. (Doc. 10, Ex. D) The jury also found aggravating factors. (*Id.*)

　　　The Superior Court, after finding that Popoca had prior felony convictions and after considering the presentence report, sentenced him to aggravated, concurrent

sentences, the longest of which was 20 years.  (Doc. 10, Exs. E, F, EEEE, FFFF)  At sentencing, Popoca signed to acknowledge his receipt of a Notice of Rights of Review.  (Doc. 10, Ex. G)

Direct Review.  Popoca, through counsel, timely initiated a direct appeal arguing that he was prejudiced by prosecutorial misconduct, that his request to represent himself should have been granted, and that he was entitled to additional presentence incarceration credit.  (Doc. 10, Exs. H, I[1])  After full briefing, the Arizona Court of Appeals rejected his first two claims and adjusted his presentence incarceration credit.  (Doc. 10, Exs. J, K, L)  The Court of Appeals subsequently denied Popoca's *pro per* motion for reconsideration.  (Doc. 10, Exs. M, N)  Popoca's attorney informed him that she would not petition for review; she then requested and received an extension for Popoca to do so himself.  (Doc. 10, Exs. O, P, Q, R)  The Arizona Supreme Court denied Popoca's petition for review.  (Doc. 10, Ex. S)

Post-Conviction Relief.  Popoca timely filed a notice of post-conviction relief in Maricopa County Superior Court.[2]  (Doc. 10, Ex. DD)  Popoca's first petition was struck for failure to comply with Arizona Rule of Criminal Procedure 32.5.  (Doc. 10, Exs. EE, FF, GG, HH, II, JJ, KK, LL, MM)  After an extensive motions practice, he filed a compliant petition arguing, as relevant here, that his rights had been violated because of ineffective assistance of trial and appellate counsel, double jeopardy, pre-indictment delay, excessive restraints during trial, prosecutorial misconduct, denial of his request to represent himself, and denial of his request to change counsel.  (Doc. 10, Exs. NN, OO, PP, QQ, RR, SS, TT)

At the conclusion of briefing, the Superior Court dismissed and denied his petition.  (Doc. 10, Exs. UU, VV, WW, XX, YY)  Specifically, the Court found that his

---

[1] The record contains two Exhibit Hs but no Exhibit I; the Court will refer to the second Exhibit H as Exhibit I.

[2] This was Popoca's second notice of post-conviction relief.  Popoca filed his first notice during the pendency of his direct appeal and so it was dismissed without prejudice.  (Doc. 10 at Exs. U, V, W, X, Y, Z, AA, BB, CC)

1  claims of prosecutorial misconduct and the denial of his request to represent himself[3]
2  were issues that had been adjudicated on direct appeal and, thus, were now precluded
3  from post-conviction review under Arizona Rule of Criminal Procedure 32.2(a)(2). (Doc.
4  10, Ex. YY)  The Court also found that his claims of double jeopardy, pre-indictment
5  delay, and excessive restraints during trial were issues that could have been adjudicated
6  on direct appeal but were not and, thus, were precluded from post-conviction review
7  under Arizona Rule of Criminal Procedure 32.2(a)(1). (*Id*.) Finally, the Superior Court
8  provided a detailed explanation of why Popoca's claims for ineffective assistance of trial
9  and appellate counsel failed. (*Id*.)

10   After the Superior Court denied his motion for reconsideration, Popoca timely
11  petitioned the Arizona Court of Appeals for review. (Doc. 10, Exs. ZZ, AAA, BBB,
12  CCC, DDD, EEE, FFF, GGG)  The Court of Appeals granted review and denied relief.
13  (Doc. 10, Ex. HHH)  In so doing, the Court noted that Popoca had repeated the same
14  arguments he raised in the Superior Court but had abandoned his claim of excessive
15  restraints. (*Id.* at n.2) After the Court of Appeals denied his motion for reconsideration,
16  Popoca petitioned the Arizona Supreme Court for review. (Doc. 10, Exs. III, JJJ, KKK,
17  LLL, MMM, NNN, OOO)  On April 17, 2014, the Supreme Court denied review.[4] (Doc.
18  10, Exs. PPP)

19   On March 27, 2015, Popoca filed his Petition for Writ of Habeas Corpus in this
20  Court alleging violations of his rights to self-representation and to substitute counsel,
21  prosecutorial misconduct, ineffective assistance of trial and appellate counsel, pre-
22  indictment delay, double jeopardy, and excessive trial restraints. (Doc. 1)  Respondents

---

[3] It appears that the Superior Court combined Popoca's arguments about prosecutorial misconduct into one and also combined his arguments about the denial of his request to represent himself and denial of his request for new counsel.

[4] In March 2015, Popoca filed another notice of post-conviction relief in Maricopa County Superior Court. (Doc. 10, Ex. SSS)  Neither party has moved to stay these proceedings during the pendency of this subsequent post-conviction proceeding and the Court does not find good cause to do so.

argue that most of his claims cannot be reviewed by the Court and that the remaining claims are meritless. (Doc. 10) As described below, the Court agrees.

## EXHAUSTION OF REMEDIES & PROCEDURAL DEFAULT

Exhaustion of Remedies. A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory. *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66.

Procedural Default. A claim can also be subject to an express or implied procedural bar. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). An express procedural bar exists if the state court denies or dismisses a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule). *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100.

An implied procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

This Court can review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *States v. Frady*, 456 U.S. 152, 167-68 (1982).

**Claims that are unexhausted and subject to procedural bars.**

Several of the claims raised by Popoca in his Habeas Petition are unexhausted and, because he cannot now return to state courts, subject to a procedural bar. Moreover, as described below, Popoca has not shown cause and prejudice, or a miscarriage of justice. Accordingly, the Court cannot review Grounds Five, Six, Seven, Eight, Ten, and Eleven of Popoca's Habeas Petition.

Pre-Indictment Delay (Ground Six) and Double Jeopardy (Ground Eight). Popoca's Petition alleges that he was subjected to pre-indictment delay (Ground Six) and double jeopardy (Ground Eight). These two claims were raised in his post-conviction relief ("PCR") proceedings but were precluded because the Superior Court found that these were "issues that were raisable on direct appeal but were not," and, therefore, were "precluded from being raised in a Rule 32 petition pursuant to Rule 32.2(a)(1) of the Arizona Rules of Criminal Procedure." (Doc. 10, Ex. YY at 3) The Arizona Court of Appeals adopted this conclusion. (Doc. 10, Ex. HHH) Because Ground Six and Ground Eight are unexhausted and procedurally defaulted, the Court cannot now review them.

Prosecutorial Misconduct (Ground Five and Ground Ten). In his PCR proceedings and again in his Petition, Popoca argued that his right to a fair trial was violated by the State's intentional conduct (Ground Five) and when the prosecutor vouched for a witness (Ground Ten). (Doc. 1 at 18, 31 & Doc. TT at 14-17, 31-33) Popoca's direct appeal included a related claim of prosecutorial misconduct; that claim is properly before this Court and discussed below.

However, as Popoca acknowledged in his Petition, Ground Five and Ground Ten were not included in his direct appeal. (Doc. 1 at 18, 31) Because this expanded version

of his prosecutorial misconduct claim was not fairly presented to the Arizona Court of Appeals in a procedurally appropriate manner and no state remedies remain available to do so, Ground Five and Ground Ten are unexhausted and now subject to a procedural bar.

Self-Representation (Ground Seven). In his direct appeal, Popoca argued that the trial court impermissibly denied his right to self-representation. (Doc. 10, Ex. H) To the extent that Popoca raises the same argument in his Petition, the Court will address it below. However, here, as in his PCR proceedings, Popoca has impermissibly attempted to expand that argument into several sub-categories. It appears that Grounds One and Nine are, when viewed together, the argument that Popoca raised on direct appeal about self-representation; to the extent that Popoca exhausted this claim, it is addressed below.

However, a close review of the record shows that Ground Seven is an argument about self-representation that Popoca never raised on direct appeal. Accordingly, Ground Seven is unexhausted and now subject to a procedural bar; it cannot be considered by the Court.

Excessive Restraints (Ground Eleven). In his PCR, Popoca alleged that he had been subjected to excessive restraints during trial. (Doc. 10, Ex. YY) Popoca did not present this claim to the Arizona Court of Appeals. (Doc. 10, Ex. HHH at n.2) In his Petition to this Court, Popoca has again raised this claim. (Doc. 1 at 33) Because Popoca never presented this claim to the Arizona Court of Appeals no state remedies remain available for Popoca to do so, Ground Eleven is unexhausted and subject to a procedural bar.

Popoca cannot overcome bars. The Court has reviewed all of the motions and the extensive exhibits that Popoca has filed in support of his Petition. (Docs. 1, 9, 22) In his reply, Popoca argues that Respondents have waived both the exhaustion and procedural default defenses and that the Court should be more lenient because of his status as a *pro per* litigant. (Doc. 22 at 11-12) This argument is not persuasive. Respondents appropriately raised these defenses in the Answer to his Petition. And Popoca's status as

a *pro per* litigant is not enough to overcome procedural bars. *See Robinson v. Kramer*, 588 F.3d 1212, 1217 (9th Cir. 2009).

Popoca also argues that his change in trial counsel combined with his appellate counsel's inadequate knowledge of the facts is sufficient to establish cause for any default. (Doc. 22 at 16) However, Popoca does not explain which facts his trial or appellate counsel did not know. Similarly, he argues that he received ineffective assistance of appellate counsel and that this is enough to overcome any default under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). (Doc. 22 at 15) As described below, the Court does not find that Popoca received ineffective assistance of appellate counsel and so the *Martinez* exception is not available to Popoca. *See Martinez*, 132 S.Ct. at 1318 (As part of a successful claim, a habeas petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that [he] must demonstrate that the claim has some merit.") *See also Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014).

Finally, he argues that he was prejudiced because his trial contained multiple constitutional errors that have never been addressed. (Doc. 22 at 19-20) "Arguments raised for the first time in petitioner's reply brief are deemed waived." *Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008). Accordingly, the Court will not address any of these arguments.

Because he has not demonstrated either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice, the Court cannot review Grounds Five, Six, Seven, Eight, Ten, and Eleven.

### HABEAS CLAIMS

On habeas review, this Court can only grant relief if the petitioner demonstrates prejudice because the adjudication of a claim either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C § 2254(d). This is a "'highly deferential standard for evaluating state-court rulings' which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)).

<u>Prosecutorial Misconduct (Ground Two)</u>.

In his direct appeal and again in his Habeas Petition, Popoca claims that the prosecutor misstated information about the codefendant's plea deal and his prior convictions in order to bolster the witness' credibility with the jury. (Doc. 1 at 6-8; Doc. 10, Ex. H; Doc. 22 at 25-27) During the trial, a co-defendant who testified against Popoca did so pursuant to the testimonial agreement in his plea deals. Popoca's objection is to the prosecutor's description of the consequences of that plea agreement. (Doc. 10, Ex. CCCC at 20-23) The Arizona Court of Appeals reviewed this claim for fundamental error and found none. (Doc. 10, Ex. L at ¶¶ 14)

On habeas review, "the relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974)). "In other words . . . the first issue is whether the prosecutor's remarks were improper and, if so, whether they infected the trial with unfairness." *Tak Sun Tan v. Runnels*, 413 F.3d 1101, 1112 (9th Cir. 2005).

The Court has reviewed all of the trial transcripts in the record. (Doc. 10, Exs. ZZZ, AAAA, BBBB, CCCC, DDDD; Doc. 24, Ex. 1) Even assuming that the prosecutor's comments were improper, the Court cannot conclude that the prosecutor's remarks rise to the level of infecting the trial with unfairness. Any inference from the prosecutor's description of the testifying co-defendant's plea deals was more than balanced out by the lengthy and detailed cross-examination of the witness by Popoca's counsel which reviewed the details and consequences of the witness' plea agreements. (Doc. 10, Ex. CCCC at 29-53) Accordingly, Popoca is not entitled to habeas relief on his claim of prosecutorial misconduct.

Ineffective Assistance of Trial and Appellate Counsel (Ground Three and Ground Four).

Under clearly established Federal law on ineffective assistance of counsel ("IAC"), Popoca needs to show that his trial counsel's performance was both (a) objectively deficient and (b) caused him prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This results in a "doubly deferential" review of counsel's performance. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011). The Court has discretion to determine which *Strickland* prong to analyze first. *LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998). A habeas court reviewing a claim of ineffective assistance of counsel must determine "whether there is a reasonable argument that counsel satisfied *Strickland*'s deferential standard, such that the state court's rejection of the IAC claim was not an unreasonable application of *Strickland.* Relief is warranted only if no reasonable jurist could disagree that the state court erred." *Murray v. Schriro*, 746 F.3d 418, 465-66 (9th Cir. 2014) (internal citations and quotations omitted). In other words, this Court's "pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

In PCR proceedings, the Superior Court found that Popoca's trial and appellate attorneys satisfied both of *Strickland*'s requirements: competency and an absence of prejudice. (Doc. 10, Ex. YY) The Superior Court found that Popoca's trial attorney "showed substantial familiarity with the facts and circumstances of the case in his opening and closing statements, vigorously cross-examined the State's witnesses on relevant points, and made a logical argument on his client's behalf at sentencing." (*Id.* at 3) The Superior Court noted that Popoca was "sentenced to prison time concurrent with longer sentences he was already serving in the Department of Corrections." (*Id.* at 4) Further, the Superior Court noted that Popoca "failed to present any competent evidence that his counsel's performance prejudiced the outcome of his trial or sentencing," including his attorney's failure to raise arguments about pre-indictment delay or double jeopardy. (*Id.* at 4) Next, the Superior Court found that Popoca's arguments about his appellate counsel were either frivolous or meritless because they had been raised on

direct appeal, were duplicative of his ineffective assistance of trial counsel claims, were requests for something that he had already received, or failed to demonstrate prejudice. (*Id.* at 4-5)  On appeal, the Arizona Court of Appeals adopted the Superior Court's ruling in its entirety. (Doc. 10, Ex. HHH)  The Court has reviewed Popoca's entire record and cannot say that the state court's application of the *Strickland* standard for Popoca's trial or appellate attorney was unreasonable.

In his Petition, Popoca argues that his trial and appellate counsels were ineffective but does not provide any specific examples of how his trial, sentencing, or appeal would have been different but for his attorneys' actions. (Doc. 1 at 11-17)  Popoca's reply alleges prejudice but is similarly devoid of details. (Doc. 22 at 28-38)  In other words, Popoca does not explain what prejudice he suffered; this is required under *Strickland*. Accordingly, Popoca has not established that he is entitled to relief for his claims of ineffective assistance of trial and appellate counsel.

Sixth Amendment Right to Self-Representation (Grounds One and Nine).

Popoca's Petition claims that the Superior Court's denial of his request for self-representation amounted to a violation of his rights under the Sixth Amendment. (Doc. 1 at 29-30; Doc. 22 at 48-49)  In his reply, Popoca argues that his request was unequivocal. (Doc. 22 at 23-24)

The facts, as described in the record before the Court, are as follows.  Popoca submitted several hand-written motions during a pre-trial hearing and, although the Court accepted the motions and the State received copies of the motions, the motions were never entered into the record. (Doc. 10, Ex. WWW at 4-5)  According to Popoca, these motions included an unequivocal request for self-representation. (Doc. 1 at 29)

During a later pre-trial hearing, the Court addressed Popoca's motions as follows:

THE COURT:  I understand that Commissioner Lynch had taken some motions that would be-I can't remember the case, Mr. Popoca, but you're not entitled to hybrid representation.  So if you have an attorney, the attorney has to be the one filing the motions.

THE DEFENDANT:  I filed motions pursuant to *State v. Cornell*.  I am waiving counsel.

- 10 -

> THE COURT: It is not an on/off switch. You're either representing yourself or you're not. So if there's any motions, they have to be filed by Mr. Wallin and if there is any response obligations, they're only going to be for motions filed for (sic) Mr. Wallin.
>
> MR. WALLIN [defense counsel]: Perhaps the Court would like to ask him does he want to represent himself.
>
> THE COURT: He has to raise that on his own. I am not going to raise that for him.
>
> MR. WALLIN: He said he was waiving counsel for the purpose of the motion.
>
> THE COURT: No such thing.

(Doc. 10, Ex. YYY). It appears that Popoca never raised his request for self-representation again with the Court.

On direct appeal, the Court of Appeals concluded that Popoca's request for self-representation in the above colloquy was equivocal and, therefore, insufficient to invoke his right of self-representation. *State v. Popoca*, 2010 WL 2332143 at *1-2 (Ariz. Ct. App. June 10, 2010). (Doc. 10 at Ex. L)

The question of whether Popoca sufficiently invoked his Sixth Amendment right to self-representation depends on the particular facts of his case. *See Randolph v. Cain*, 412 F. App'x 654, 657 (5th Cir. 2010) (collecting cases confirming that invocation of right to self-representation is a factual determination). On habeas review, "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (citing 28 U.S.C. § 2254(d)(2) and *Williams v. Taylor*, 529 U.S. 362, 399 (opinion of O'Connor, J.)). Put another way, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Applying this standard of review, the Court cannot say that the Court of Appeals' decision was objectively unreasonable. The Court of Appeals found that the trial court

"reasonably construed" Popoca's statements to indicate that he wanted to waive counsel for the limited purpose of arguing his motions, not for his entire case. *Popoca*, 2010 WL 2332143 at ¶ 6. This is not an objectively unreasonable interpretation of the conversation between Popoca and the Court as quoted above.

Moreover, the Court of Appeals noted that Popoca never attempted to clarify the scope of his request. *Id*. at ¶ 7. Similarly, this Court notes that Popoca did, and does, file numerous motions in his various cases and he could have, but did not, file any subsequent motions that could have invoked his right to self-representation. Thus, it was not objectively unreasonable to conclude that Popoca's request was not unequivocal. Accordingly, Popoca is not entitled to habeas relief on this claim.

## PETITIONER'S MOTIONS

Popoca has also filed two motions, both of which seek additional information. First, Popoca moved to expand the record to include the transcript of a trial management conference because, according to Popoca, Respondents are relying on the *Donald* hearing mentioned in that minute entry to argue that Popoca did not receive ineffective assistance of trial counsel. (Doc. 16 at 1-2) This request will be denied: Respondents' Answer did not discuss any *Donald* hearing and, more importantly, Popoca's decision to forgo a plea is not at issue in his Habeas Petition. Next, Popoca asks the Court to expand the record to include the video of the pre-trial hearing where he submitted his now-lost motions. (Doc. 16 at 2) This video is not necessary because the transcript clearly demonstrates that he submitted motions. (Doc. 10, Ex. WWW at 4) The remainder of Popoca's motion appears to be an impermissible attempt to expand his ineffective assistance of counsel claims and, therefore, will be denied.

Popoca's second motion asks the Court to order his trial counsel to provide Popoca with his file. (Doc. 17) Based on Popoca's rely brief, it appears that he has received what he was seeking. (Doc. 22 at Ex. 9-B) Accordingly, the Court will deny this motion as moot.

**IT IS THEREFORE ORDERED** that Isaac V. Popoca's Motion to Expand the Record will be denied. (Doc. 16)

**IT IS FURTHER ORDERED** that Isaac V. Popoca's Motion to Order Trial Counsel to Provide Petitioner the Attorney File will be denied as moot. (Doc. 17)

**IT IS THEREFORE RECOMMENDED** that Isaac V. Popoca's petition for writ of habeas corpus be **denied and dismissed with prejudice.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 18th day of December, 2015.

_____
David K. Duncan
United States Magistrate Judge