**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Isaac V. Popoca, | No. CV-15-00559-PHX-SRB |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner Isaac V. Popoca filed his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus on March 27, 2015 challenging both his conviction and sentence for Attempted Burglary, Burglary and Theft in Arizona state court.  After the Petition was fully briefed, the Magistrate Judge issued a Report and Recommendation recommending that several grounds raised by Petitioner were unexhausted and subject to a procedural bar and that the remaining grounds were without merit. The Report and Recommendation recommended that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice. It further recommended that a Certificate of Appealability and leave to proceed *in forma pauperis* be denied.

Petitioner timely filed a 44 page Objection to the Report and Recommendation. With respect to the grounds upon which the Magistrate Judge concluded that Petitioner had failed to exhaust his remedies in state court and was procedurally barred from having these grounds considered in federal court, Petitioner appears to not disagree with the legal authorities cited by the Magistrate Judge that he must fairly present his claims to the state

court before they can be reviewed in federal court on a Habeas Petition. He instead suggests that he was not required to obtain state court review of his claims in order for him to obtain federal review because the ultimate responsibility for deciding what claims to review rests with the state. Petitioner is wrong. Title 28 U.S.C. § 2254(b)(1)(A) and (c) plainly require that a state prisoner must properly exhaust all state court remedies before a federal court can grant a Petition for Writ of Habeas Corpus. The responsibility for presenting the claims does not rest with the state but with Petitioner. The Court agrees with the Magistrate Judge that Petitioner failed to exhaust and is, therefore, procedurally barred from federal review of those claims. Therefore, this Court cannot review Grounds Five, Six, Seven, Eight, Ten and Eleven in the Petition for the reasons fully explained by the Magistrate Judge in his Report and Recommendation.

Petitioner also objects to the Magistrate Judge's conclusion that he failed to demonstrate either cause for the default and actual prejudice to excuse the default or a miscarriage of justice as to these unexhausted claims. Petitioner devotes 12 pages of his objections to the issue of cause and prejudice but, again attempts to place the burden on the Respondents and the Magistrate Judge. It is Petitioner's burden to demonstrate cause for the default and actual prejudice to excuse the default or a miscarriage of justice. Nothing in his Petition, Reply or Objection makes this showing.

The grounds of Prosecutorial Misconduct (Ground Two), Ineffective Assistance of Trial and Appellate Counsel (Grounds Three and Four), and Sixth Amendment Right to Self- Representation (Grounds One and Nine) were properly exhausted and reviewed on the merits by the Magistrate Judge in his Report and Recommendation.

The claim for prosecutorial misconduct raised in Ground Two is that the prosecutor misstated information about a testifying co-defendant's plea deal and his prior convictions in order to bolster his credibility with the jury. The Magistrate Judge properly noted that the standard for reviewing this claim is whether the prosecutor's comments so infected the trial with unfairness as to make the conviction a denial of due process. The Magistrate Judge found that even assuming the prosecutor's remarks were improper,

these remarks did not rise to the level of infecting the trial with unfairness. The Magistrate Judge noted that any inference the jury might draw from the prosecutor's description of the plea deal was more than balanced by the lengthy and detailed cross-examination of this witness by Petitioner's lawyer, which included questioning about the plea agreement and the consequences thereof.  The Magistrate Judge concluded that Petitioner is not entitled to habeas relief on the claim of prosecutorial misconduct.

The focus of Petitioner's objection is on the impropriety of the prosecutor's remarks rather than on the effect of those remarks on the trial and the standard that the remarks must have infected the trial with unfairness. Petitioner urges that the Court should look at the cumulative effect of his unexhausted claims of prosecutorial misconduct in Grounds Five and Ten with his claim. [1] Unexhausted Ground Five did not involve a claim of prosecutorial misconduct in the presence of the jury but something that happened between the court and counsel.  Unexhausted Ground Ten argued that there was prosecutorial misconduct by the prosecutor vouching for several of his witnesses in his closing argument. Petitioner, in his objections, also provides the Court with suggestions of the questions and answers the prosecutor could have asked the witness rather than the ones he did.

The Court agrees with the Magistrate Judge that the only alleged prosecutorial misconduct that can be considered by this Court is that asserted in Ground Two regarding the alleged misstatement of information about his co-defendant's plea agreement and his prior convictions. Petitioner's objections do not explain to the Court, in any persuasive way, how these comments, even if improper, infected the trial with unfairness. The Court agrees with the Magistrate Judge that Petitioner is not entitled to relief on his claim of prosecutorial misconduct.

---

[1] Petitioner also makes the confusing statement that this claim does not rest on federal constitutional law, although the Petitioner's description of Ground Two in his Petition was that this alleged prosecutorial misconduct was a denial of his rights to both due process and a fair trial.

Petitioner also objected to the Magistrate Judge's conclusion that he has failed to show that his trial and/or appellate counsel were ineffective as asserted in Grounds Three and Four. The Report and Recommendation correctly sets out the standard that Petitioner must meet to demonstrate ineffective assistance of counsel. Petitioner must show objectively deficient performance that caused him prejudice.  During his state court post-conviction relief proceedings, these claims were reviewed by the state court, which found both competent representation and the absence of prejudice. The Court of Appeals agreed.  The Magistrate Judge noted that while Petitioner has claimed that counsel were ineffective he failed to provide specific examples of how his trial, sentencing, or appeal would have been different but for his attorneys' actions, thereby failing to meet his requirement of showing prejudice rather than merely alleging it.  The Court agrees with the Magistrate Judge that Petitioner is not entitled to relief on his claims that his trial and/or appellate counsel were ineffective as asserted in Grounds Three and Four.

Petitioner also objects to the Magistrate Judge's conclusion that he is not entitled to habeas relief on his claim that the state court denied his request for self-representation in violation of his rights under the Sixth Amendment. This issue was raised in Petitioner's appeal. The Court of Appeals concluded that his request for self-representation was equivocal and insufficient to invoke his right to self-representation. On habeas review an issue decided on the merits in state court based on factual determinations, as this one was, cannot be overturned unless it is objectively unreasonable in light of the evidence presented in state court. The Magistrate Judge concluded that it could not be said that the Court of Appeals' decision was objectively unreasonable in deciding that the trial court reasonably concluded that Petitioner's statements about self-representation indicated that he only wanted to waive counsel for the limited purpose of presenting certain motions and not for his entire case. Petitioner's objection wholly fails to address this standard and how the Court of Appeals' determination was objectively unreasonable.  The Court agrees with the Magistrate Judge that Petitioner is not entitled to relief for his claim that the state court denied his request

for self-representation in violation of his rights under the Sixth Amendment as asserted in Grounds One and Nine.

Petitioner also includes in his objections disagreement with the Magistrate Judge's denial of his Motion to Expand the Record. Because this is a non-dispositive matter Rule 72(a), Fed.R.Civ.P establishes the standard for overturning the denial. The Magistrate Judge's ruling will only be modified or set aside if clearly erroneous or contrary to law. The Motion to Expand the Record included a request to include a transcript of the trial management conference that had to do with a claim of ineffective assistance of counsel in connection with alleged plea negotiations. The Court agrees with the Magistrate Judge that Petitioner's decision to forgo a plea is not at issue in this habeas proceeding. Petitioner also wished to expand the record to include the video of the pretrial hearing where he submitted the lost motions.  The Magistrate Judge concluded that the video was not necessary because the transcript of the hearing clearly demonstrates that Petitioner submitted these motions.  The decision to deny the motion is neither clearly erroneous nor contrary to law.  Petitioner did not suggest that his second motion was improperly decided.

**IT IS ORDERED** overruling Petitioner's Objections to the Report and Recommendation of the Magistrate Judge.

**IT IS FURTHER ORDERED** adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court.

**IT IS FURTHER ORDERED** that Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is denied and dismissed with prejudice.

**IT IS FURTHER ORDERED** affirming the Magistrate Judge's rulings on the motions.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is denied because denial of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional

1  right.

2  **IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

3

4  Dated this 13th day of December, 2016.

5

6

7  _____
         Susan R. Bolton
8      United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28